United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT CARLOS CAMAJUANI DESPAIGNE, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-25-5305 |
| RAYMOND THOMPSON, et al., | § § § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Robert Carlos Camajuani Despaigne ("Petitioner"), a citizen of Cuba, entered the United States without inspection in June 2022.[1] On June 29, 2022, Petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2]  On June 12, 2025, Petitioner was taken into Immigration and Customs Enforcement custody.[3]  That same day an immigration judge dismissed Petitioner's removal proceedings pursuant to 8 C.F.R. § 239.2(a)(7), which permits an officer to cancel a notice to appear

---

[1]Habeas Corpus Petition – Pro Se Submission ("Habeas Petition"), Docket Entry No. 1, p. 3; Amended Response to the Petition for Writ of Habeas Corpus ("Respondents' Amended MSJ"), Docket Entry No. 23, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' Amended MSJ, Docket Entry No. 23, p. 2.

[3]Id.

prior to jurisdiction vesting with the immigration judge.[4] Petitioner appealed that decision, arguing that "administrative closure of his case [was] appropriate to allow him to pursue his pending application for adjustment of status under the [Cuban Adjustment Act] with the United States Citizenship and Immigration Services."[5] On December 19, 2025, the Board of Immigration Appeals affirmed the immigration judge's decision to dismiss Petitioner's removal proceedings.[6] Despite the fact his removal proceedings were dismissed, Petitioner remained in immigration custody.[7]

On April 15, 2026, Petitioner was served with a new Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and under 8 U.S.C. § 1182(a)(7)(A)(i)(I), "as an alien who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality

[4]Order of the Immigration Judge, Exhibit 2 to Respondents' Amended MSJ, Docket Entry No. 23-2, p. 1.

[5]Board of Immigration Appeals Order, Exhibit 4 to Respondents' Amended MSJ, Docket Entry No. 23-4, p. 3.

[6]Id. at 4.

[7]Respondents' Amended MSJ, Docket Entry No. 23, p. 2 ("Petitioner has been detained since . . . June 12, 2025.").

as required under the regulation issued by the Attorney General."[8] No final order of removal has been entered and Petitioner remains in immigration custody.[9]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that Respondents detained him from December 19, 2025, to April 15, 2026, without legal authority to do so.[10] Also pending before the court is Respondents' Amended Motion for Summary Judgment (Docket Entry No. 23). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[11] Petitioner has filed a reply.[12]

"In determining whether" Petitioner "is entitled to be released, the [c]ourt must determine whether his detention now is in violation of . . . the constitution." Nguyen v. Noem, 797 F.Supp.3d 651, 669 (N.D. Tex. 2025). "[T]he great and central office of the writ of habeas corpus is to test the legality of the prisoner's current detention." Walker v. Wainwright, 88 S. Ct. 962, 963 (1968) (emphasis added). Because Petitioner was served with a Notice to Appear on April 15, 2026, charging him with

---

[8]Id. at 3.

[9]Id. at 4.

[10]Petitioner's Reply to Amended Response, Docket Entry No. 24, p. 1.

[11]Respondents' Amended MSJ, Docket Entry No. 23, pp. 1-2.

[12]Petitioner's Reply to Amended Response, Docket Entry No. 24.

removability under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I), Petitioner is currently subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). Although the record indicates that Respondents detained Petitioner from December 19, 2025, to April 15, 2026, despite the fact he was not in active removal proceedings, that is "irrelevant to [the] resolution of the legality of [Petitioner's] current detention." Nguyen, 797 F.Supp.3d at 670 (emphasis added).

Moreover, to the extent that Petitioner is asserting his mandatory detention under § 1225(b)(2) violates due process, that claim is without merit. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Finally, although Petitioner has filed a Motion for Appointment of Counsel (Docket Entry No. 18), there is generally no

constitutional right to the assistance of counsel on habeas review. See Fairman v. Anderson, 188 F.3d 635, 642 (5th Cir. 1999) (explaining that "there is no constitutional right to counsel on habeas review"). The issues presented in the Habeas Petition do not present any extraordinary circumstances, and there is no basis for appointment of counsel in this case. Petitioner's Counsel Motion will therefore be denied.

For the reasons explained above, Respondents' Amended Response to the Petition for Writ of Habeas Corpus (Docket Entry No. 23) is **GRANTED,** and Petitioner's Habeas Corpus Petition – Pro Se Submission (Docket Entry No. 1) and Motion for Appointment of Counsel (Docket Entry No. 18) are **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 17th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE