United States District Court
Southern District of Texas
ENTERED
October 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT CARLOS CAMAJUANI DESPAIGNE, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-25-5305 |
| RAYMOND THOMPSON, et al., | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

On July 17, 2026, the court entered a Memorandum Opinion and Order denying Petitioner's Habeas Petition and dismissing this action with prejudice.[1] Pending before the court is Petitioner's Pro Se Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Petitioner's Motion to Amend Judgment") (Docket Entry No. 28). Petitioner asks the court to reconsider its holding that his current detention is lawful.[2] Respondents filed a response in opposition on September 25, 2026, and Petitioner filed a reply on October 5, 2026.[3]

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). "A manifest error of law or fact must be one that is plain and indisputable, and

[1]Memorandum Opinion and Order, Docket Entry No. 26, p. 5; Final Judgment, Docket Entry No. 27, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Petitioner's Motion to Amend Judgment, Docket Entry No. 28, pp. 2–3.

[3]Response in Opposition to Petitioner's Motion to Alter or Amend Judgment, Docket Entry No. 30; Petitioner's Pro Se Reply to the Government's Opposition to His Rule 59(e) Motion, Docket Entry No. 31.

that amounts to a complete disregard of the controlling law or the credible evidence in the record." Walker v. HongHua America, LLC, Civ. Action No. 4:12-cv-00134, 2012 WL 1898892, at *1 (S.D. Tex. May 23, 2012). The Fifth Circuit has explained that Rule 59 reconsideration "is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). As such, to prevail on a Rule 59(e) motion for reconsideration, a movant must show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). A Rule 59(e) motion "'calls into question the correctness of a judgment,'" it is not "the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 479 (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).

Petitioner's arguments were raised and rejected in the court's Memorandum Opinion and Order (Docket Entry No. 26). His pending motion falls far short of satisfying the requirement for relief under Rule 59(e). The reasons for which Petitioner seeks reconsideration neither argue nor show a manifest error of law or fact, an intervening change in controlling law, or the availability of new evidence not previously available. See In re Benjamin Moore & Co., 318 F.3d at 629.

For the reasons explained above, Petitioner's Pro Se Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Docket Entry No. 28) is **DENIED**.

**SIGNED** at Houston, Texas, on this 15th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE